**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **RODNEY D. ARMSTRONG,** | ) |
| **Plaintiff,** | ) |
| v. | ) Case No.   09-CV-454-CVE-PJC |
| **MICHAEL J. ASTRUE,** **Commissioner, Social Security Administration,** | ) |
| **Defendant.** | ) |

**REPORT AND RECOMMENDATION**

On August 30 , 2010, this Court entered Judgment in favor of Plaintiff Rodney D. Armstrong ("Armstrong") and against Michael J. Astrue, Commissioner of the Social Security Administration. (Dkt. #26). On October 22, 2010, Plaintiff timely filed an Application for the Award of Attorney Fees under the Equal Access to Justice Act, 28 U.S.C. § 2412(d) ("EAJA") (Dkt. #27). Armstrong seeks an award of attorney fees under EAJA in the amount of $3,160.40 for 16.2 hours of attorney work and 3.9 hours of paralegal work in this case. The Commissioner responds that he has no objection to Plaintiff's motion (Dkt. #29).

The undersigned has reviewed the application and concludes that Armstrong is entitled to a fee award and the amount sought is reasonable. Accordingly, the undersigned recommends that Armstrong be awarded EAJA fees in the amount of $3,160.40, payable to Plaintiff in care of his counsel. *Astrue v. Ratliff*, _ U.S._, 130 S.Ct. 2521, 2529 (2010) (holding that EAJA fees are payable to the prevailing part, not that party's attorney). And if Plaintiff's counsel also receives attorney fees under 42 U.S.C. § 406(b) of the Social Security Act, Plaintiff's counsel shall refund the smaller award to Plaintiff pursuant to *Weakley v. Bowen*, 803 F.2d 575, 580 (10th Cir. 1986).

**Objections**

In accordance with 28 U.S.C. §636(b) and Fed. R. Civ. P. 72(b)(2), a party may file specific written objections to this report and recommendation. Such specific written objections must be filed with the Clerk of the District Court for the Northern District of Oklahoma by November 29, 2010.

If specific written objections are timely filed, Fed.R.Civ.P. 72(b)(3) directs the district judge to:

> determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

*See also* 28 U.S.C. § 636(b)(1).

The Tenth Circuit has adopted a "firm waiver rule" which "provides that the failure to make timely objections to the magistrate's findings or recommendations waives appellate review of factual and legal questions." *United States v. One Parcel of Real Property*, 73 F.3d 1057, 1059 (10th Cir. 1996) (quoting *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991)). Only a timely specific objection will preserve an issue for de novo review by the district court or for appellate review.

DATED, this 15th day of November, 2010.

_____
Paul J. Cleary
United States Magistrate Judge